

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**DEC 0 6 1999**

**Michael N. Milby**
**Clerk of Court**

| | | |
|---|---|---|
| ROSA ITUARTE DE RUIZ, Individually and as Beneficial Owner of PARKWAY SALES & SERVICES LTD. | * * * * | |
| VS. | * * | CIVIL ACTION NO. _C A B-99-193_ |
| CHASE MANHATTAN CORPORATION; CHASE MANHATTAN PRIVATE BANK; YESID CORTES; and TERESA PRADO PALCZYNSKI | * * * * | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW CHASE MANHATTAN CORPORATION, CHASE MANHATTAN PRIVATE BANK, YESID CORTES, and TERESA PRADO PALCZYNSKI, Defendants in the above entitled and numbered cause, and file this their Notice of Removal of the present cause from the 107th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.    This cause was commenced in the 107th Judicial District Court, Cameron County, Texas on November 8, 1999, when Plaintiff's Original Petition was filed in Cause Number 99-11-4626-A.  A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.    Defendant Chase Manhattan Corporation was served with a copy of the Plaintiff's Original Petition through its registered agent, Professional Civil Process on November 16, 1999.  Defendants Chase Manhattan Private Bank, Yesid Cortes, and Teresa Prado Palczynski were served on November 15, 1999.  Copies of the Citations served on Defendants indicating date of service are attached hereto and incorporated herein for all purposes.

3.      This is a civil action in which Plaintiff alleges that Defendants improperly handled her investment account.  Plaintiff has alleged causes of action for fraud and breach of fiduciary duty.

4.      Plaintiff alleges in Plaintiff's Original Petition that she is a citizen of Mexico.  Plaintiff is therefore a citizen of Mexico.

5.      Defendant Chase Manhattan Corporation is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in New York. Defendant Chase Manhattan Private Bank is not an entity and does not conduct business in the State of Texas.  However, Chase Manhattan Bank is a New York state bank with its principal place of business in New York.  Chase Manhattan Private Bank, N.A. is a national association organized under the laws of United States with its principal place of business in Florida.  Defendants Cortes and Placzynski are individuals who are residents of the State of Florida.

6.      For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

7.      Alternatively, Defendants would further show that the above described action is one in which this Court has original subject matter jurisdiction under the provisions of 12 U.S.C. §632, which states that "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits, and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law."  Because this cause of action involves transactions which involve international or foreign banking, removal is

proper pursuant to the provisions of 28 U.S.C. §1441(b), as this is a civil action where this Court has original jurisdiction and is founded on claims arising under the Constitution and the laws of the United States.

8.      Defendants would further show the Court that Plaintiff's Original Petition seeks actual damages in excess of $4,000,000.00, plus costs and attorney's fees, and is therefore well in excess of this Court's minimum jurisdictional limits of $75,000.00.

9.      Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioners to Plaintiff and her counsel has been provided as required by law.  A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

10.     This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of receipt of Plaintiff's Original Petition on the first-served Defendant.

11.     Defendants hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioners pray for removal of the above entitled and numbered cause from the 107th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Norton A Colvin_
　　　Norton A. Colvin, Jr. *w/ permission*
　　　*NCRsutsin*
Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS
CHASE MANHATTAN CORPORATION,
CHASE MANHATTAN PRIVATE BANK,
YESID CORTES, and TERESA PRADO
PALCZYNSKI

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Horacio L. Barrera
> Martinez & Barrera
> 1201 East Van Buren Street
> Brownsville, Texas 78520
> Attorneys for Plaintiff
>
> Richard G. Morales, Jr.
> Person, Whitworth, Ramos, Borchers & Morales, L.L.P.
> Post Office Box 6668
> Laredo, Texas 78042-6668
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 6th day of December, 1999.

_Norton A Colvin_
　　　Norton A. Colvin, Jr. *w/ permission*
　　　*NCRsutsin*

CAUSE NO. 99-11-4626-A

FILED ___ 170 _____
AURORA DE LA GARZA DIST. CLERK
NOV 08 1999
___ O'CLOCK ___ O ___
_____ DEPUTY

ROSA ITUARTE DE RUIZ, Individually
and as Beneficial Owner of PARKWAY
SALES & SERVICES LTD.

            Plaintiff

VS.

CHASE MANHATTAN CORPORATION,
CHASE MANHATTAN PRIVATE BANK,
YESID CORTES and TERESA PRADO
PALCZYNSKI:

            Defendants

IN THE DISTRICT COURT OF TEXAS

CAMERON COUNTY, TEXAS

107th JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROSA ITUARTE DE RUIZ, Individually and as Beneficial Owner of

PARKWAY SALES & SERVICES LTD., Plaintiff, complaining of, CHASE MANHATTAN

CORPORATION,   CHASE MANHATTAN PRIVATE BANK, YESID CORTES and TERESA

PRADO PALCZYNSKI, and for causes of action would show the court as follows:

I.

Plaintiffs, ROSA ITUARTE DE RUIZ, Individually and as Beneficial Owner of PARKWAY

SALES & SERVICES LTD, is a citizen of Mexico with a residence in Texas.  At the time that she

started her business relationship with the defendants, plaintiff had a residence in Brownsville,

Cameron County, Texas.  ROSA ITUARTE DE RUIZ, Individually and as Beneficial Owner of

PARKWAY SALES & SERVICES LTD currently has a residence at 23 Sheringham, Oakville

CMPDF - www.fenrir.com

Farms San Antonio, Bexar County, Texas and does business in the state of Texas as PARKWAY SALES & SERVICES LTD as an "off shore" entity formed by the defendants of which the plaintiff is the beneficial owner.

Defendant, CHASE MANHATTAN CORPORATION, in a corporation incorporated under the laws of Delaware doing business in Texas and can be served with process by serving its chief operating officer, by registered mail at 270 Park Avenue, New York, New York 10017.

Defendant, CHASE MANHATTAN PRIVATE BANK, is a wholly owned subsidiary company of the defendant CHASE MANHATTAN CORPORATION, which is also doing business in the state of Texas and can be served with process by serving its managing director Maria Elena Lagomasino at its offices located at 1211 Avenue of the Americas, Rockefeller Center, New York, New York 10036 by registered mail.

Defendant, YESID CORTES, is an individual who is employed by the defendants and resides in Miami, Florida where service may be obtained at 2 South Biscayne Boulevard, Suite 2200, Miami, Florida 33131 by registered mail.

Defendant, TERESA PRADO PALCZYNSKI, is an individual who is employed by the defendant CHASE MANHATTAN CORPORATION and may be served with process at 2 South Biscayne Boulevard, Suite 2200, Miami, Florida 33131 by registered mail.

II.

### (DEFENDANTS)

Defendant CHASE MANHATTAN CORPORATION (hereinafter referred to as CHASE) is a financial service company that provide a variety of private banking and financial services to its customers on a world wide basis. It is able to do this through its related corporations and companies,

Page 2

such as the defendant CHASE MANHATTAN PRIVATE BANK a wholly owned subsidiary of

CHASE and other foreign entities entirely under its control. In this regard, CHASE holds itself out

to the investing public as an institution that has special skill, knowledge and experience in the safe

managing and investing of money for its customers. Defendants claim to specialize in servicing so

called, private banking accounts, for wealthy foreign investors by offering a variety of investment

products not available to United States investors. At all time mentioned herein, the defendants acted

in concert with one another and in the furtherance of the business of CHASE.

III.

### (Discovery Control Plan Level)

Plaintiff intends that discovery is to be conducted under Level III of the Texas Rules of Civil

Procedure.

IV.

### (Factual Background)

Plaintiff, ROSA ITUARTE DE RUIZ is the widow of Manuel Ruiz Diaz. Manuel Ruiz Diaz

maintained a residence and did business with CHASE in Brownsville, Texas. In the mid 1980's he

and his brother Adolfo Ruiz Diaz were solicited by management of the local Chase Bank branch

where they banked, to invest with the defendant, Chase Manhattan Private Bank group. In this

regard, they opened an account with the Chase Manhattan Private Bank in Houston, Texas. For

several years after that, Manuel Ruiz Diaz and his brother continued to do business with the

defendant CHASE and Chase Manhattan Private Bank in Brownsville, Texas and Houston, Texas.

In 1989, Manuel Ruiz Diaz died in Brownsville, Texas. The plaintiff, as the widow and heir

of Manuel Ruiz Diaz and her brother-in-law continued to do business with CHASE and Chase

Manhattan Private Bank in Brownsville, Texas and Houston, Texas. Plaintiff continued to receive her account statements at her home in Brownsville, Texas. The plaintiff has been a housewife most of her life and is not a sophisticated investor. Prior to her husband's death in 1989, he made all of the investment decisions, most of which were in the form of certificates of deposit. After her husband's death, she advised CHASE and Chase Manhattan Private Bank that she was relying on the income from her investment account as her means of support. She was also assured by CHASE and Chase Manhattan Private Bank that they would continue to invest her money in secure investments such as the certificates of deposit that her husband had maintained.

In 1993 the plaintiff decided to partition her accounts from those of her brother-in-law, Adolfo Ruiz Diaz, and made arrangements with CHASE and Chase Manhattan Private Bank to do so. After the partition of the accounts in 1993, plaintiff again advised CHASE and Chase Manhattan Private Bank, its employees and agents, that she wanted her capital preserved and her investment account secured, consistent with her age and financial needs. Plaintiff made it clear to the defendants that the reason she was investing her money in the United States was for reasons of stability and security. On or about this date in 1993, the plaintiff had in excess of $4,000,000 invested with CHASE and Chase Manhattan Private Bank. She relied upon the agents and employees of CHASE and Chase Manhattan Private Bank to give her prudent and sound investment advise and to safeguard her investment accounts inherited from her husband, which were her only means of support.

At about this same time in 1993, the plaintiff was informed that her account executive, defendant, YESID CORTES, would be transferred from Houston, Texas to Miami, Florida. The defendant CORTEZ was then moved by defendants, CHASE and Chase Manhattan Private Bank

from Texas to Florida. Shortly after this occurred, the defendant CORTES was given discretion to make investments in the plaintiff's account in accordance with her investment objectives.

Almost immediately after the transfer by CHASE and Chase Manhattan Private Bank of the defendant YESID CORTES, he recommended that the plaintiff form "off shore" companies for purposes of investing her money. The plaintiff, not understanding the significance of this move, was assured that at all times she would be the beneficial owner of the companies formed and could change the form of doing business at any time. However, the method and manner of forming these companies was selected by the defendants CHASE, Chase Manhattan Private Bank and Cortes, and all decisions regarding the name and operation of said "off shore" companies was done at the direction of the defendants their agents or employees. One such company formed and operated by the defendants was called Bennington Holdings Ltd. Between May of 1993 to February of 1995 under the management of the defendants and its related entities, Bennington Holdings Ltd. suffered trading losses in its account of $218,771, fees of $83,316 and a total out of pocket loss to the plaintiff of $26,958.

Also in 1993, the defendants advised the plaintiff that she should form another "off shore" company. Not understanding the reasons for doing so, the plaintiff relied on the advise of the defendants and allowed the defendants to form another new company that the defendants named Parkway Sales & Services Ltd. In 1995 the defendants transferred all of the plaintiffs assets from Bennington Holdings Ltd. to Parkway Sales & Services Ltd.

Between May of 1995 to December 1998 the defendants managed the plaintiff's investment account through Parkway Sales & Services Ltd. Over this period of time the plaintiff relied upon the experience and advise of the defendants to make reasonable, prudent and conservative

Page 5

investments in the plaintiff's account, consistent with her advanced age and her investment goals. In late 1996 the plaintiff was contacted by the defendants Cortes and Chase Manhattan Private Bank and was advised that one of the investments purchased by the defendants for her account in the amount of $1,350,000 was in default.

For some period of time, the plaintiff was told by the defendants that the loss to her account would be recovered. Without the consent of the plaintiff the defendants accepted a settlement with the defaulting company in December 1997 and advised the plaintiff that the security had lost one half of its value, or $675,000. The defendants then substituted a security known as a *12% Grupo Synkro bond* in the plaintiffs portfolio in December 1997. Although the plaintiff questioned the actions of the defendants, the defendants and in particular, the defendant Teresa Prado Palczynski continued to make representations that the plaintiff's investment account would recover. In statements received by the plaintiff between January 1998 to December 1998 the defendants continued to represent that the security which had been substituted by the defendants had a value of $675,000.

In 1999 the plaintiff decided to close her account with the defendants. In the process of closing her account the defendants sent documents to the plaintiff insisting that before she could close her account she was required to sign those documents which among other things, required that the plaintiff "...*hold the defendants harmless for any and all liabilities losses damages claims costs and expenses*" for the handling of the plaintiffs account by the defendants. The plaintiff refused to sign this document. After the plaintiff transferred most of her account to another financial consultant, she learned that her account statements did not accurately and truly reflect the value of her investments with the defendants. In particular, the plaintiff learned that the security that the defendants purchased for her account from Grupo Synkro and had represented as having a value of

Page 6

$750,000 was in fact worthless.

Even after the plaintiff had transferred her assets from the defendants to another financial consultant, the defendants continued to insist that she execute certain documents to close her account. The defendant, Teresa Prado Palczynski between December 1998 through June 1999 sent the plaintiff documents purporting to "...*hold the defendants harmless for any and all liabilities losses damages claims costs and expenses*," in the management of the plaintiff's account. Between May of 1995 to December 1998 the plaintiff's account in the name of Parkway Sales & Services Ltd., under the management of the defendants, suffered trading losses of $1,908,875, fees of $71,436 and a total out of pocket loss in her account of $1,409,033.

## V.

### (Causes of Action)

**Breach of Contract**   Defendants breached the contract with the plaintiff to manage her account in accordance with in a prudent and conservative manner.   Furthermore, because the defendants exercised discretion in the investment of the plaintiffs assets, they were required to use more than ordinary care in the management of the plaintiff's account Because of the actions of the defendants, they should be jointly and severally liable to the Plaintiff.   The defendants made investments that were not suitable for the account of the plaintiff and which were not in line with her investment instructions.

**Breach of Fiduciary Duty**   The defendants owed a contractual and fiduciary duty to the Plaintiff as a customer of these Defendants to exercise care and due diligence in dealing with the Plaintiff's assets.   This duty included the obligation to make full disclosure to Plaintiff, including disclosure of any conflicts of interests among the parties and disclosure of any actions which were

contrary to the plaintiff's investment goals or contrary to Plaintiffs' best interests. In this regard, the defendants failed to keep the plaintiff properly informed of the defendants investment decisions regarding the plaintiff's account and hid from the plaintiff, the true nature of her losses.

Furthermore, defendants purchased for the plaintiff's account securities that are not permitted to be sold to United States accounts and solicited the same in the United States and Mexico in violation of state and Mexican laws. They did so by forming "off shore" companies for the plaintiff, thus permiting the defendants to offer and buy securities for the plaintiff's account that it could not offer to other investors.

Plaintiff further contends, that the defendants had a conflict of interest in recommending in particular the Grupo Synkro security by failing to disclose to the plaintiff that the defendants were creditors of Grupo Synkro at the time that they put 50% of the plaintiff's investments into that one security. The defendants also breached their fiduciary duty by providing false and misleading account statements to the plaintiff for the purposes of hiding the true nature of the plaintiff's losses.

**Fraud** Defendants owed a contractual and fiduciary duty to the Plaintiff. The conduct of the defendants was done maliciously, intentionally and willfully with the intent to cause the plaintiff substantial injury and in contravention to the plaintiffs investment goals. Furthermore, the conduct of the defendants in providing false and misleading account statements and attempting to secure execution by the plaintiff of a release by false and misleading representations is fraud. Because of the actions of defendants they should be jointly and severally liable to the Plaintiff.

VI.

**(Damages)**

Plaintiff incurred out of pocket losses in her account under the management of the defendants

Page 8

CUMPDF - www.texisa.com

between 1995 to 1998 in the amount of $1,409,033.71. This loss occurred during one of the longest bull markets in the history of the world. Even under the most conservative of investment strategies, the plaintiff would have increased her assets by $2,500,000. Therefore, the plaintiff has incurred actual damaged in the sum of $4,000,000.00, plus accrued interest, and attorney's fees.

Plaintiff is further entitled to punitive damages for the fraud of the defendants as alleged above as allowed by the Texas Civil Practice and Remedies Code.

Plaintiffs are also entitled to reasonable attorney's fees and costs of court.

WHEREFORE, Plaintiff ROSA ITUARTE DE RUIZ, INDIVIDUALLY and as Beneficial Owner of PARKWAY SALES & SERVICES LTD request that Defendants, CHASE MANHATTAN CORPORATION, CHASE MANHATTAN PRIVATE BANK, YESID CORTES and TERESA PRADO PALCZYNSKI, be cited to appear and answer and that on final hearing Plaintiff have judgment against Defendants for an amount as plead above, together with interest at the lawful rate, attorney's fees and for such other and further relief, at law or in equity to which Plaintiffs are justly entitled.

Respectfully submitted,

Horacio L. Barrera
I.D. Bar# 2801
S.B.O.T. 01805800
1201 E. Van Buren Street
Brownsville, Texas 78520
Tel:(956) 546-7159
Fax: (956) 544-0601

Richard G. Morales, Jr.
PERSON, WHITWORTH, RAMOS,
BORCHERS & MORALES, L.L.P.
S.B.O.T. # 14419000
P.O. Box 6668, 602 E. Colton
Laredo, Texas 78042-6668
Tel: (956)727-4441
Fax: (956)727-2696

# OFFICERS RETURN OF SERVICE



CASE # 99-11-4626A

COURT 107
Clt. Ref.#

Clt.# 116

ROSA ITUARTE DE RUIZ, ET. AL.

VS

CHASE MANHATTAN CORP., ET. AL.

The documents came to our hand for service on 11/10/99  Time: 09:00:00

Documents received for service:

**PLAINTIFF'S ORIGINAL PETITION**

The documents were delivered on **11/15/99  Time: 13:00:00**

Executed at: 1211 Avenue Of The Americas
New York, NY 10036

to the following: **Chase Manhattan Private Bank, C/O Managing Director: Maria
Elena Lagomasino By Certified Mail Z440 932 838**

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK
NOV 29 1999
DISTRICT COURT OF CAMERON COUNTY

_____ PERSONALLY delivering the document to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____ in person
who is sixteen (16) years of age or older, at the above listed address which is the
usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have studied and am familiar with the TEXAS RULES OF CIVIL PROCEDURE, VERNON'S
TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all other applicable rules and
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee: 50

Witness Fee Tendered: _____

Eddie M Gonzalez
Professional Civil Process Brownsville
700 Paredes Ave. Suite 208
Brownsville, Texas 78520

STATE OF TEXAS}

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this __ day of _NOV_ 1999.

ABEL BETANCOURT JR
Notary Public
State of Texas
Comm. Exp. 03-10-2001

NOTARY PUBLIC SIGNATURE

Citation for Personal Service - NON-RESIDENT NOTICE          Lit. Seq. # 5.003.01

# ORIGINAL

No. 1999-11-004626-A

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CHASE MANHATTAN PRIVATE BANK
1211 AVENUE OF THE AMERICAS
ROCKEFELLER CENTER
NEW YORK, NEW YORK 10036
MANAGING DIRECTOR, MARIA ELENA LAGOMASINO

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said      PETITION      was filed on NOVEMBER 08, 1999 . A copy of same accompanies this citation.

The file number of said suit being No. 1999-11-004626-A.

The style of the case is:

ROSA ITUARTE DE RUIZ, ET AL
VS.
CHASE MANHATTAN CORPORATION, ET AL

Said petition was filed in said court by    HON. RICHARD G., JR. MORALES
(Attorney for    PLAINTIFF    ), whose address is
P.O. DRAWER 6668 LAREDO, TEXAS 78042                                      .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the    8th day of NOVEMBER , A.D. 1999.

AURORA DE LA GARZA          , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

RICK M. CORNEJO          , Deputy

# OFFICERS RETURN OF SERVICE

# ORIGINAL

**CASE # 99-11-4626A**

COURT 107
Clt. Ref.#

Clt.#   116

ROSA ITUARTE DE RUIZ, ET. AL.

VS

CHASE MANHATTAN CORP., ET. AL.

The documents came to our hand for service on 11/10/99  Time: 09:00:00

Documents received for service:

**PLAINTIFF'S ORIGINAL PETITION**

```
FILED  1:59  O'CLOCK
AURORA DE LA GARZA DIST. CLERK

NOV 22 1999

DISTRICT COURT OF CAMERON COUNTY TEXAS
```

The documents were delivered on **11/16/99  Time: 13:00:00**

Executed at: 270 Park Avenue
             New York, NY 10017

to the following: **Chase Manhattan Corp. C/O Chief Operating Officer**
                  **By Certified Mail Z 440 932 837**

___✓___ PERSONALLY delivering the document to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____in person
        who is sixteen (16) years of age or older, at the above listed address which is the
        usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have studied and am familiar with the TEXAS RULES OF CIVIL PROCEDURE, VERNON'S
TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all other applicable rules and
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee:_____

Witness Fee Tendered:_____

STATE OF TEXAS}

Eddie M Gonzalez
Professional Civil Process Brownsville
700 Paredes Ave. Suite 208
Brownsville, Texas 78520

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct. Given my hand and seal of office this ___ day of _____ 1999.

ABEL BETANCOURT JR
Notary Public
State of Texas
Comm. Exp. 03-10-2001

NOTARY PUBLIC SIGNATURE

Citation for Personal Service - NON-RESIDENT NOTICE   Lit. Seq. # 5,002.01

NO. 1999-11-004626-A

THE STATE OF TEXAS                ORIGINAL

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: CHASE MANHATTAN CORPORATION
    270 PARK AVENUE
    NEW YORK, NEW YORK 10017
    CHIEF OPERATING OFFICER

         DEFENDANT -         GREETING:

         the

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m., of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 107th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas. Said PETITION was filed on
NOVEMBER 08, 1999. A copy of same accompanies this citation.

The file number of said suit being No. 1999-11-004626-A.

The style of the case is:

                    ROSA ITUARTE DE RUIZ, ET AL
                         VS
                    CHASE MANHATTAN CORPORATION, ET AL

Said petition was filed in said court by    HON.  RICHARD G., JR. MORALES
(Attorney for   PLAINTIFF    , whose address is
P.O. DRAWER 6668 LAREDO, TEXAS 78042

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the    8th day of  NOVEMBER , A.D. 1999.

                    AURORA DE LA GARZA       , DISTRICT CLERK
                    Cameron County Texas
                    974 E. Harrison St.
                    Brownsville, Texas 78521
                    BY:

                                                    , Deputy

# OFFICERS RETURN OF SER\ ̲E

CASE # 99-11-4626A

COURT 107
Clt. Ref.#

ROSA ITUARTE DE RUIZ, ET. AL.

Clt.#    116

ORIGINAL

VS

CHASE MANHATTAN CORP., ET. AL.

The documents came to our hand for service on 11/10/99  Time: 09:00:00

Documents received for service:

**PLAINTIFF'S ORIGINAL PETITION**

The documents were delivered on **11/15/99**  Time: **13:00:00**

Executed at: 2 South Biscayne Blvd. #2200
             Miami, FL 33131

to the following: **Cortes, Yesid**
                  **By Certified Mail Z 440 932 839**

```
FILED 10:35 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
NOV 29 1999
DISTRICT COURT OF CAMERON COUNTY TEXAS
```

_____  PERSONALLY delivering the document to the person above.
_____  SUBSTITUTE SERVICE per Order by delivering to _____ in person
       who is sixteen (16) years of age or older, at the above listed address which is the
       usual place of abode/business of the above named person.
_____  POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have studied and am familiar with the TEXAS RULES OF CIVIL PROCEDURE, VERNON'S
TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all other applicable rules and
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee: 50

Witness Fee Tendered: _____

Eddie M Gonzalez
Professional Civil Process Brownsville
700 Paredes Ave, Suite 208
Brownsville, Texas 78520

STATE OF TEXAS}

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this 27 day of _____, 1999.

ABEL BETANCOURT JR
Notary Public
State of Texas
Comm. Exp. 03-10-2001

_____
NOTARY PUBLIC SIGNATURE

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5,004.01

No. 1999-11-004626-A

# ORIGINAL

## T H E   S T A T E   O F   T E X A S

TO:  YESID CORTES
     2 SOUTH BISCAYNE BOULEVARD
     SUITE 2200
     MIAMI FLORIDA, 33131

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

the                      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 107th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas. Said                    PETITION        was filed on
NOVEMBER 08, 1999.  A copy of same accompanies this citation.

The file number of said suit being No. 1999-11-004626-A.

The style of the case is:

                    ROSA ITUARTE DE RUIZ, ET AL
                                VS
                    CHASE MANHATTAN CORPORATION, ET AL

Said petition was filed in said court by      HON.  RICHARD G.  JR. MORALES
(Attorney for    PLAINTIFF    ), whose address is
P.O. DRAWER 6668 LAREDO, TEXAS 78042

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the    8th    day of   NOVEMBER  , A.D. 1999.

                    AURORA DE LA GARZA          , DISTRICT CLERK
                    Cameron County, Texas
                    DISTRICT COURT, Harrison St.
                    Brownsville, Texas 78521
                    By: _____

                                    RICK M. CORNEJO
                                                      , Deputy

# OFFICERS RETURN OF SERVICE

CASE #-99-11-4626A

COURT 107
Clt. Ref.#                    Clt.#    116

ROSA ITUARTE DE RUIZ, ET. AL.

VS

CHASE MANHATTAN CORP., ET. AL.

## ORIGINAL

The documents came to our hand for service on 11/10/99  Time: 09:00:00

Documents received for service:

**PLAINTIFF'S ORIGINAL PETITION**

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

NOV 29 1999

DISTRICT COURT OF CAMERON CO. TEXAS

The documents were delivered on 11/15/99  **Time:** 13:00:00

Executed at: 2 South Biscayne Blvd. #2200
             Miami, FL 33131

to the following: **Palczynski, Teresa Prado**
                  **By Certified Mail Z 440 932 840**

_____ PERSONALLY delivering the document to the person above.'
_____ SUBSTITUTE SERVICE per Order by delivering to _____in person
who is sixteen (16) years of age or older, at the above listed address which is the
usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have studied and am familiar with the TEXAS RULES OF CIVIL PROCEDURE, VERNON'S
TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all other applicable rules and
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee: 50

Witness Fee Tendered: _____

Eddie M Gonzalez
Professional Civil Process Brownsville
700 Paredes Ave. Suite 208
Brownsville, Texas 78520

STATE OF TEXAS}

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this ___ day of _____, 1999.

NOTARY PUBLIC SIGNATURE

ABEL BETANCOURT JR
Notary Public
State of Texas
Comm. Exp. 03-10-2001

Citation for Personal Service - NON-RESIDENT NOTICE          Lit. Seq. # 5,005.01

No. 1999-11-004626-A          ORIGINAL

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: TERESA PRADO PALCZYNSKI
    2 SOUTH BISCAYNE BOULEVARD
    SUITE 2200
    MIAMI FLORIDA, FLORIDA 33131

    _____, DEFENDANT

the _____, GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court, 107th Judicial District Court of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas. Said PLAINTIFFS ORIGINAL PETITION was filed on
NOVEMBER 08, 1999. A copy of same accompanies this citation.

The file number of said suit being No. 1999-11-004626-A.

The style of the case is:

                    ROSA ITUARTE DE RUIZ, ET AL.
                              VS
                    CHASE MANHATTAN CORPORATION, ET AL.

Said petition was filed in said court by HON. RICHARD G., JR. MORALES
(Attorney for PLAINTIFF) whose address is
P.O. DRAWER 6668 LAREDO, TEXAS 78042

    The nature of the demand is fully shown by a true and correct copy of the
petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

    Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 8th day of NOVEMBER, A.D. 1999.

                              AURORA DE LA GARZA, DISTRICT CLERK
                              Cameron County, Texas
                              974 E. Harrison St.
                              Brownsville, Texas 78521
                              By _____, Deputy

RICK M. CORNEJO