IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 07 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROSA ITUARTE DE RUIZ, Individually and as Beneficial Owner of PARKWAY SALES & SERVICES LTD. | * * * * |
| VS. | * CIVIL ACTION NO. B-99-193 |
| CHASE MANHATTAN CORPORATION; CHASE MANHATTAN PRIVATE BANK; YESID CORTES; and TERESA PRADO PALCZYNSKI | * * * * * |

## DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND SUBJECT TO MOTION TO TRANSFER VENUE

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

COME NOW CHASE MANHATTAN CORPORATION and CHASE MANHATTAN PRIVATE BANK, Defendants in the above entitled and numbered cause, and, subject to and without waiving their Motion to Transfer Venue, file their Original Answer and Jury Demand in response to Plaintiff's Original Petition, and would show the Court as follows:

### ANSWER

1.      Defendants admit that pursuant to documents signed by Plaintiff, she is a citizen and resident of Mexico. Defendants further state that it is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in sub-paragraph 1 of Paragraph I of Plaintiff's Original Petition, and therefore, deny same.

2.      Defendants admit that The Chase Manhattan Corporation is a holding company organized under the laws of the State of Delaware with its principal office in New York. Defendants deny all remaining allegations contained in sub-paragraph 2 of Paragraph I of Plaintiff's Original Petition.

3. Defendants admit that the private bank of The Chase Manhattan Bank is a corporation organized under the laws of the State of New York with its principal office in New York, and is a subsidiary of The Chase Manhattan Corporation. Defendants deny all remaining allegations contained in sub-paragraph 3 of Paragraph I of Plaintiff's Original Petition.

4. Defendants admit that Yesid Cortes is an employee of a subsidiary of The Chase Manhattan Corporation and is a resident of Florida, where service may be obtained. Defendants deny all remaining allegations contained in sub-paragraph 4 of Paragraph I of Plaintiff's Original Petition.

5. Defendants admit that Teresa Prado Palczynski is an employee of a subsidiary of The Chase Manhattan Corporation and is a resident of Florida, where service may be obtained. Defendants deny all remaining allegations contained in sub-paragraph 5 of Paragraph I of Plaintiff's Original Petition.

6. Defendants deny the allegations contained in Paragraph II of Plaintiff's Original Petition.

7. The statements contained in Paragraph III of Plaintiff's Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendants deny same.

8. Defendants deny the allegations contained Paragraph IV of Plaintiff's Original Petition, except state the following:

Prior to September 1993, Plaintiff's husband and/or her brother-in-law maintained a relationship with Chase Bank International, an entity doing business in Houston, Texas. In or about September 1993, Chase Bank International closed its Houston office.

Plaintiff is the settlor of an off-shore trust ("The Trust"). The Trust used an off-shore company, Bennington Holding Ltd., as an investment vehicle. Bennington Holding Ltd. maintained two accounts, a custody account and an investment

management account. The first transaction in the investment management account occurred on or about December 29, 1993; the last transactions, less than a year later.

Pursuant to written authorization, Plaintiff empowered her son to serve as financial advisor and to direct transactions for the Trust's assets which were held, first, in the Bennington Holdings Ltd. custody account, and later, a custody account for Parkway Sales and Services, inc., an entity incorporated in Dublin, Ireland in November 1996.

The purchase of the Grupo Synkro bonds about which Plaintiff complains was directed by her son and financial advisor to whom she granted broad discretionary powers. Plaintiff's son directed all transactions in the custody accounts for both Bennington Holdings Ltd. and Parkway Sales and Services, Inc. from December 1993 until 1999. Contrary to the allegations of the Original Petition, Plaintiff's son was advised of the restructuring of the Grupo Synkro bond and agreed to accept the restructured bonds in lieu of the original bonds then in default.

In or about January 1999, Plaintiff revoked her Trust pursuant to a Deed of Revocation.

9.  Defendants deny all allegations contained in Paragraph V of Plaintiff's Original Petition. Defendants further specifically deny that it breached a contract, if any, with Plaintiff. Defendants specifically deny that it breached a fiduciary duty, if any, to Plaintiff. Defendants further specifically deny that they owed a contractual and fiduciary duty to Plaintiff or that any conduct on the part of Defendants was done maliciously, intentionally, and willfully with the intent to cause Plaintiff substantial injury as alleged in Paragraph V of Plaintiff's Original Petition. Defendants further specifically deny that any conduct on the part of Defendants constituted fraud or that they should be jointly and severally liable to Plaintiff as alleged in Paragraph V of Plaintiff's Original Petition.

10. Defendants deny all allegations contained in Paragraph VI of Plaintiff's Original Petition and further specifically deny that Plaintiff is entitled to any damages, interest, attorney's fees, costs of court, or punitive damages.

11. Defendants deny that Plaintiff is entitled to a judgment, damages, costs, attorney's fees, or any other relief prayed for in the prayer of Plaintiff's Original Petition.

12. Defendants deny each and every allegation contained in Plaintiff's Original Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

13. Defendants state that this Court lacks jurisdiction over the persons of Defendants Yesid Cortes and Teresa Prado Palczynski.

14. Defendants state that Plaintiff lacks standing to prosecute this action.

15. Defendants state that Plaintiff's Original Petition fails to state a claim upon which relief may be granted.

16. Defendants state that all or part of Plaintiff's claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

17. Defendants state that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendants specifically deny, the failure of Plaintiff to mitigate her alleged damages caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by such Plaintiff is barred or shall be reduced by an amount equal to the damages Plaintiffs failed to mitigate.

18. Defendants state that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendants specifically deny, the negligence, fault, or carelessness of others not named as parties caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by Plaintiff against Defendants is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

19. Defendants state that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendants specifically deny, any assessment of punitive or exemplary damages is not permitted by applicable law and/or violates Defendants' constitutional rights under Article I, Section 9, and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United State Constitution for the reason that the assessment of punitive or exemplary damages deny Defendants their right to substantive and procedural due process; the assessment of punitive or exemplary damages is penal in nature and tantamount to the imposition of an excessive and criminal fine without according Defendants the same rights required for the imposition of a criminal fine; the guidelines, standards, and/or instructions for the imposition of punitive or exemplary damages are vague, indefinite, uncertain, and set no limit on the damages which can be awarded; the assessment of punitive or exemplary damages exposes Defendants to multiple punishments and fines for the same act; the assessment of punitive or exemplary damages discriminates on the basis of wealth in that different amounts can be awarded against different Defendants for the same act depending solely upon the material wealth of the various Defendants; and the assessment of punitive or exemplary damages constitutes an impermissible burden on interstate commerce.

20. Defendants further affirmatively deny that they are liable for exemplary damages and plead affirmatively that the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

21. Defendants further affirmatively allege that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United State Constitution and the Texas Constitution, including but not limited to the following provisions:

    (a)   <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

*DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND*     *PAGE 5*

(b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

22. Defendants reserve the right to raise such additional defenses as may become available through investigation and discovery.

## JURY DEMAND

23. Pursuant to Rule 38, Fed.R.Civ.P., Defendants hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by this suit, and that Defendants be awarded their costs, and have such other and further relief, general and specific, at law or in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____/s/ Norton A. Colvin_____
    Norton A. Colvin, Jr. w/ permission
    MCBitall
Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
CHASE MANHATTAN CORPORATION AND
CHASE MANHATTAN PRIVATE BANK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Original Answer and Jury Demand Subject to Motion to Transfer Venue was served upon all counsel of record, to-wit:

    Horacio L. Barrera
    Martinez & Barrera
    1201 East Van Buren Street
    Brownsville, Texas 78520
    Attorneys for Plaintiff

    Richard G. Morales, Jr.
    Person, Whitworth, Ramos, Borchers & Morales, L.L.P.
    Post Office Box 6668
    Laredo, Texas 78042-6668
    Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 7th day of January, 2000.

_____/s/ Norton A. Colvin_____
Norton A. Colvin, Jr. w/ permission
MCBitall