5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 7 2000

Michael N. Milby
Clerk of Court

ROSA ITUARTE DE RUIZ, Individually    *
and as Beneficial Owner of PARKWAY   *
SALES & SERVICES LTD.               *
                                     *

VS.                                 *     CIVIL ACTION NO. B-99-193
                                     *

CHASE MANHATTAN CORPORATION;   *
CHASE MANHATTAN PRIVATE BANK;   *
YESID CORTES; and TERESA PRADO   *
PALCZYNSKI                        *

## DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) SUBJECT TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

      COME NOW CHASE MANHATTAN CORPORATION, CHASE MANHATTAN

PRIVATE BANK, YESID CORTES, AND TERESA PRADO PALCZYNSKI, Defendants

in the above-entitled and numbered cause, and, subject to and without waiving

Defendants Yesid Cortes and Teresa Prado Palczynski's Motion to Dismiss for Lack of

Personal Jurisdiction, file this Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

In support thereof Defendants would show the Court as follows:

I.     PRELIMINARY STATEMENT

      This action does not belong in Texas. None of the acts purportedly giving rise to

this action occurred in Texas. The Defendants do not reside in Texas. The witnesses do

not reside in Texas. And, unless Plaintiff moved to Texas within the last year, she, too,

does not reside in Texas.

      The Plaintiff, a citizen of Mexico, established an off-shore Trust naming a Chase

off-shore entity as trustee. The Trust, in turn, employed two off-shore companies to

handle investments on plaintiff's behalf and on behalf of her intended beneficiaries -- all

of whom she represented resided in Mexico. The crux of her complaint is that the investments purchased for the accounts were inappropriate given her "advanced age and investment goals." In particular, she complains that the Defendants breached their fiduciary duties and contractual obligations and committed fraud because (1) a management account that was maintained by one of the off-shore companies, and managed by The Chase Manhattan Bank in New York, purportedly sustained a loss of $26,958; and (2) corporate bonds issued by a Mexican corporation in the face amount of $1,350,000 purchased in a custody account owned by one of the off-shore companies defaulted. The Original Petition makes clear, however, that these alleged "wrongdoings" did not occur in this District, or in the State of Texas, for that matter.

While there is generally a presumption favoring a plaintiff's choice of forum, where, as here, there is no factual nexus between the events giving rise to the action and the forum, the greater weight of authority instructs that plaintiff's choice of forum carries little significance. Where, further, as here, Plaintiff does not reside in the District, her choice of forum is entitled to even less deference.

For the convenience of the parties, the witnesses and in the interests of justice, this case should be transferred to the United States District Court for the Southern District of Florida where a substantial portion of the acts or omissions purportedly giving rise to this action occurred, and where the two individual defendants -- over whom this Court has no jurisdiction -- reside.

## II.    FACTUAL BACKGROUND

Plaintiff is a wealthy Mexican investor residing in Mexico. (Affidavit of Teresa Prado Palczynski, sworn to on January 5, 2000, ¶ 3, hereinafter "Palczyski Aff. ___").[1] According to the Original Petition, Plaintiff's late husband and his brother maintained accounts at a Chase bank in Houston, Texas. (Pet. ¶IV). That bank, Chase Bank

---

[1]    While the Original Petition appears to raise a question regarding plaintiff's residence, as set forth in the Palczynski affidavit, plaintiff represented to defendants that she resided in Mexico.

International, specialized in servicing wealthy foreign investors by offering a variety of investment products not available to United States investors. (Pet. ¶ IV).

In 1993, four years after her husband's demise, Plaintiff and her brother-in-law partitioned their accounts. (Pet. ¶ IV). At the same time, Chase Bank International closed its offices in Houston and no longer maintained a presence in Texas. The account executive that had serviced the accounts of plaintiff's husband and her brother-in-law, defendant Yesid Cortes ("Cortes"), relocated to Miami, Florida. (Pet. ¶ IV). All of the events purportedly giving rise to this action occurred after the Houston office was closed.

According to the Original Petition, after the partition, Plaintiff had in excess of $4,000,000 in a Nassau Bahamas Trust account. (Pet. ¶ IV.) Cortes suggested that Plaintiff form an off-shore company which could be used as an investment vehicle. (Pet. ¶ IV). The first transactions for that company, Bennington Holdings Ltd. ("Bennington"), were executed on or about December 29, 1993. (Pet. ¶ IV, Palczynski Aff. ¶ 4). A second company, Parkway Sales & Services Limited ("Parkway"), was incorporated in Ireland in 1996. (Palczynski Aff. ¶ 10).

Plaintiff complains about these off-shore companies but does not explain how she was damaged as a result of those companies. She goes on to allege that her relationship manager, Cortes, did not properly manage the accounts because she lost $26,958 in one account and $1,350,000 in another account when a corporate bond Cortes allegedly purchased for one of the off-shore companies defaulted (Pet. ¶ IV).

Plaintiff seeks damages on breach of contract, fraud, and breach of fiduciary duty theories in the total amount of $4,000,000 to cover both the losses she allegedly sustained and the amount by which she claims that her assets should have increased had they been properly invested.

## III.    ARGUMENT

### A.    FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES, AND IN THE INTEREST OF JUSTICE, THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

In the interest of preventing the waste of "time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense," 28 U.S.C. §1404(a) allows for a change of venue. Millspaugh v. Atlantic Recording Corp., 1999 U.S. Dist. LEXIS 14940 (N.D. Tex. 1999) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).[2]  That statute provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In determining whether to grant venue, the first consideration is whether the transferee court has venue. Here, the proposed venue, the Southern District of Florida, is entirely proper. That is the locus of the events giving rise to this action and that is the residence of the two individual defendants. Jurisdiction may also be had over the two corporate defendants.

Once it is established that venue in the new forum is proper, a court must evaluate and balance numerous factors, including (1) the availability and convenience of the witnesses and the parties; (2) the cost of obtaining attendance of witnesses and other trial expenses; (3) the location of pertinent books and records; (4) the place of the alleged wrong; (5) the possibility of delay and prejudice if the transfer is effected; and (6) plaintiff's choice of forum. Robertson v. M/V Cape Hunter, 979 F. Supp. 1105 (S.D. Tex. 1997); Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163 (S.D. Tex. 1994). See also Greiner v. American Motor Sales Corp., 645 F. Supp. 277 (E.D. Tex. 1986). The most important consideration is the convenience of the witnesses. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §3851.

---

[2]    For the convenience of the Court, we are including copies of all cases cited herein with defendants' submission.

A consideration of each of these factors unequivocally establishes that venue in this District is inappropriate and that this action can best be adjudicated in the Southern District of Florida.

### 1.   Convenience of the Parties

None of the Defendants reside in this District. As set forth in the Original Petition, the two individual defendants reside in the Southern District of Florida. For these two parties, a Florida venue is clearly the most convenient forum. While the two corporate defendants reside in New York, the cost and inconvenience of defending the action in Florida would be substantially less than in Texas.

As to the Plaintiff, Defendants' records indicate that she is a Mexican citizen residing in Mexico although she maintains a mailing address for receipt of duplicate periodic statements and other such documents in the Western District of Texas. If, in fact, plaintiff is a resident of the United States, instead of a non-resident alien as she now claims, she was required to notify defendants so that they could update their records and the appropriate reports made to the Internal Revenue Service. But whether plaintiff resides in the Western District of Texas or in Mexico is immaterial in a convenience analysis because both locations may be the same distance from Brownsville.

### 2.   Convenience of the Witnesses

None of the witnesses reside in this District or Texas. Most of Defendants' witnesses reside in Florida or the New York area.

At this preliminary stage, Defendants' witnesses include Erin McDonnell, a portfolio manager who managed the investment management account owned by Bennington from the end of December 1993 until December 1994. (See Palczynski Aff. ¶ 5). She will testify that the investments in the account were prudent and entirely appropriate. She will further testify that no further transactions were conducted in this account after December 1994 and that the Dow Jones average for that year rose 0.8%, that is, less than 1%.

Yolanda Cruz, a resident of Florida, will testify that, in a custodial account, defendants do not direct any investments. It is, rather, the owner of the account, or her designee, that selects and directs investments. Here, the record indicates that it was plaintiff's son and financial advisor, Luis Jose Ruiz Ituarte Huartes ("Mr. Ruiz") who selected and directed all investments, with the exception of transactions in the investment management account. Ms. Cruz will further testify that she was involved in a conversation with Mr. Ruiz with respect to the restructure of the Grupo Synkro bonds in which he agreed to accept restructured bonds. (See Affidavit of Yolanda O. Cruz, sworn to on January 5, 2000).

Margery Sauerhaft, a Vice-President in the Global Investment Advisory Group of The Chase Manhattan Bank in New York, will testify that she had a lengthy conversation with Mr. Ruiz with respect to bonds issued by Grupo Synkro which was in the throes of a reorganization, and that he agreed to vote for the restructure. She will also speak to the functions of the Global Investment Advisory Group; the services that the group performs; and defendants' limited role with respect to custody accounts, such as the accounts at issue here. (See Affidavit of Margery Sauerhaft, sworn to on January 6, 2000).

3.    The Cost of Obtaining Attendance of Witnesses and Other Trial Expenses

The cost of obtaining the attendance of witnesses would be significantly reduced if the action were transferred to Florida. The Florida witnesses could avoid travel entirely; the New York witnesses could avoid significant travel time and expense since a trip to Florida is three-hours, a trip to Brownsville, at least twice that long.

4.    The Place of The Alleged Wrong

The Original Petition alleged that the wrong took place in Florida. It was there that Yesid Cortes, Plaintiff's relationship manager, was located, and it was from the

Florida offices, that, according to Plaintiff, Defendants mismanaged her account.  Plaintiff does not allege that Defendants committed any wrongdoing in this District.

In an effort to establish a nexus with this District, Plaintiff alleges that she and her husband resided in Brownsville prior to his death in 1989.  However, whether she resided in this District prior to 1989 or in Mexico is irrelevant because none of the alleged "wrongs" took place prior to 1989.  In fact, the only "wrongs" about which Plaintiff complains took place after Bennington was incorporated and after trading in that account commenced on or about December 29, 1993.  That date, according to the Original Petition, was after the Houston, Texas office was closed and after plaintiff "left" Brownsville.

In sum, while Defendants vigorously deny that they committed any wrongdoing, even according to the Original Petition, the purported "wrongdoing" took place in Florida.

> 5.    The Possibility of Delay and Prejudice if Transfer is Granted

Since this motion is made at the commencement of the action, delay, if any, will be insignificant.

> 6.    Plaintiff's Choice of Forum

"The plaintiff's privilege of choosing his forum is a factor, held in varying degrees of esteem to be weighed against other factors in determining a convenient forum." Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966); Gundle Lining Construction Corp. v. Fireman's Fund Insurance Corp., 844 F. Supp. 1163 (S.D. Tex. 1994) ("Today the choice of forum is only one of many factors for a court to consider.")  Where, as here, the case has no significant connection to this District, the courts of this State have given "little or no deference" to plaintiff's choice of forum.  Robertson v. M/V Cape Hunter, 979 F. Supp. 1105 (S.D. Tex. 1997); Greiner v. American Motor Sales Corp., 645 F. Supp. 277 (E.D. Tex. 1986) ("where none of the operative facts occur within the forum

of plaintiff's original selection, his choice is entitled to only minimal consideration."). See also Robertson v. Kiamichi Railroad Co., 42 F. Supp. 2d 651 (E.D. Tex. 1998) ("Plaintiff's chosen forum has no factual nexus to this case. Thus, deference to Plaintiff's choice of forum is lessened."); Millspaugh v. Atlantic Recording Corp., 1999 U.S. Dist. LEXIS 14940 (N.D. Tex. 1999) ("plaintiff's choice of forum is afforded reduced significance where most of the operative facts occurred outside the district"); Keystone Consolidated Industries, Inc. v. Parker-Hannifin Corp., 1997 U.S. Dist. LEXIS 4795 (N.D. Tex. 1997) ("Texas has an insubstantial connection to this case."). Kris Mortensen v. Maxwell House Coffee Co., 879 F. Supp. 54 (E.D. Tex. 1995) ("action has no connection with the Eastern District of Texas"); Lacefield v. Lockheed Martin Corp., 1997 U. S. Dist. LEXIS 7632 (N.D. Tex. 1997) (plaintiff's choice of forum will be forsaken when the location of the defendants and witnesses, evidence and the locus of operative facts, all point to another venue).

Where the plaintiff does not reside in the chosen forum, that venue is given even less weight in a §1404(a) analysis. Thus, In the Matter of TLC Marine Services, Inc., 900 F. Supp. 54 (E.D. Tex. 1995), the court directed a change of venue stating that the plaintiff's choice of forum should be given little weight if the plaintiff does not reside in the district in which his suit is pending. See Dearing v. Sigma Chemical Co., 1 F. Supp. 2d 660 (S.D. Tex. 1998) (plaintiff's choice of forum will be given close scrutiny where plaintiff does not live within the Division of the Court); Quicksilver, Inc. v. Academy Corp., 1998 U.S. Dist. LEXIS 19776 (N.D. Tex. 1998) (plaintiff's choice of forum is given less weight where plaintiff is not a resident of forum); Pierre Le Baud v. Pacificare Health Systems, Inc., 1998 U.S. Dist. LEXIS 5148 (N.D. Tex. 1998) (same); Lacefield v. Lockheed Martin Corp., 1997 U.S. Dist. LEXIS 7632 (N.D. Tex. 1997) (same).

Here, Plaintiff's choice of venue suffers from both infirmities. The Original Petition makes clear that none of the acts complained of occurred in Texas and that plaintiff does not reside in this District.

7.   Location of Counsel

The location of counsel is entitled to little or no weight.  Wright, Miller & Cooper,

Federal Practice and Procedure:  Jurisdiction 2d §3850.  See also Robertson v. Kiamichi

Railroad Co., 42 F. Supp. 2d 651 (E.D. Tex. 1998) (dismissing where only connection is

that plaintiff's attorney resides in Division); Robertson v. M/V Cape Hunter, 979 F.

Supp. 1105 (S.D. Tex. 1997) (noting that vast majority of cases hold that location of

counsel is entitled to little or no consideration); Lacefield v. Lockheed Martin, 1997 U.S.

Dist. LEXIS 7632 (N.D. Tex. 1997) (location of counsel is entitled to the least

consideration).

Thus, the presence of plaintiff's counsel in this District does little to advance her

cause.

Additional factors considered by courts of the Fifth Circuit in a change of venue

inquiry include choice of law considerations.  Gundle Lining Construction Corp. v.

Fireman's Fund Insurance Company, 844 F. Supp. 1163 (S.D. Tex. 1994) (applicability of

substantive law of other jurisdiction weights heavily in favor of a transfer); Keystone

Consolidated Industries, Inc. v. Parker-Hannifin Corp., 1997 U.S. Dist. LEXIS 4795

(N.D. Tex. 1997) ("the interests of justice are served by having a trial in a forum that is at

home with the state law that governs the case"); Gregory Productions, Inc. v. Trimark

Pictures, Inc., 1996 U.S. Dist. LEXIS 21287 (N.D. Miss. 1996) (appropriate to have trial

in a forum that is at home with state law that governs case rather than in a court that

must untangle problems in conflicts of law and in a law foreign to itself).

This factor also militates in favor of a change of venue.  This Court, under a

conflicts of law analysis, would apply the law with the most significant relationship to

the occurrence and the parties, in this case Florida or New York.  Gundle, supra;

Keystone, supra.  To the extent that Florida law were deemed to apply to all or a number

of the claims, a Court sitting in Florida would be in a better position to apply the law of

that State than a Texas court.

In the final analysis, there is simply no public interest in resolving this case in the Southern District of Texas. This case involves a dispute over investments between a Mexican citizen, individuals located in the State of Florida and corporations headquartered in New York. None of the relevant events occurred in Texas. It would be unfair to burden the Court and the local citizens with this case which has no connection to this District. See Gregory Productions, Inc. vs. Trimark Pictures, Inc., 1996 U.S. Dist. LEXIS 21287 (N.D. Miss. 1996). ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.")

As the court in Keyes v. The Guardian Life Insurance Company of America, 1997 U.S. Dist. LEXIS 9864 (N.D. Miss. 1997), so aptly put it, "the only relationship that this district has to this particular cause is that the plaintiff chose to file here". That is not enough.

For the convenience of the witnesses, the parties and in the interest of justice, this action should be transferred to the Southern District of Florida.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant this Motion to Transfer Venue, and that Defendants be awarded their costs, and have such other and further relief, general and specific, at law or in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Norton A. Colvin_
     Norton A. Colvin, Jr. *w/ permission*
Attorney-in-Charge    *MC Small*
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) Subject to Motion to Dismiss for Lack of Personal Jurisdiction was served upon all counsel of record, to-wit:

> Horacio L. Barrera
> Martinez & Barrera
> 1201 East Van Buren Street
> Brownsville, Texas 78520
> Attorneys for Plaintiff
>
> Richard G. Morales, Jr.
> Person, Whitworth, Ramos, Borchers & Morales, L.L.P.
> Post Office Box 6668
> Laredo, Texas 78042-6668
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 7th day of January, 2000.

_____
Norton A. Colvin, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA ITUARTE DE RUIZ, Individually | * | |
| And as Beneficial Owner of PARKWAY | * | |
| SALES & SERVICES LTD. | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | |
| | * | |
| CHASE MANHATTAN CORPORATION; | * | |
| CHASE MANHATTAN PRIVATE BANK; | * | |
| YESID CORTES; and THERESA PRADO | * | |
| PALCZYNSKI | * | |

## AFFIDAVIT OF TERESA PRADO PALCZYNSKI

STATE OF FLORIDA    )
                    ) ss.:
COUNTY OF DADE      )

ON THIS DAY personally appeared before me TERESA PRADO PALCZYNSKI, one of the Defendants in the above-entitled and numbered cause, who being by me duly sworn, deposes and states as follows:

"1.    My name is Teresa Prado Palczynski.  I am a resident of Florida and a defendant in the above-entitled and numbered cause.  I am over the age of 21 years, of sound mind, capable of making this Affidavit.  My knowledge of the facts set forth herein is based on my personal observations and involvement in the matters described and my review of the books and records.

"2.    I am a Vice President of the entity that services non-resident, alien clients of the private bank of The Chase Manhattan Bank (the "Bank").  Private banking clients

76505:v01

who reside in the United States are serviced by a separate legal entity in Florida, The Chase Manhattan Private Bank, N.A.

"3.    Plaintiff established a trust under the laws of The Commonwealth of The Bahamas (the "Trust"), appointing a Chase off-shore entity as trustee.  In establishing the Trust, plaintiff gave an address in Mexico.  She further represented that she was a resident of Mexico and that both she and the designated beneficiaries of the Trust intended to remain domiciled in Mexico.

"4.    The investments for the Trust which are the subject of the Original Petition were handled through a personal investment company incorporated under the laws of The Commonwealth of The Bahamas, Bennington Holdings Ltd. ("Bennington").  The first transaction for that corporation was executed on or about December 29, 1993.

"5.    Bennington maintained two portfolios, an investment management account, managed by Erin McDonnell at The Chase Manhattan Bank in New York, and a custody account.  Custody accounts, by definition, are self-directed accounts.

"6.    Pursuant to written instructions, plaintiff appointed her son, Luis Jose Ruiz Ituarte, as financial advisor ("Mr. Ruiz"), with unlimited authority to direct investments.  Defendants did not select or direct any investments in the custody account.

"7.    In or about January 1994, Mr. Ruiz directed the purchase of the Grupo Synkro, S.A. bonds in the custody account described in the Original Petition.

"8.    In late December 1994, the Bank was instructed to close the Bennington investment management account and transfer the proceeds to the Bennington custody account.  Thereafter, and until plaintiff terminated her relationship with the Bank, neither

Bennington, nor any other entity associated with plaintiff, maintained an investment management account. All investments were selected by Mr. Ruiz.

"9.    In November 1996, the Trust established another personal investment company, Parkway Sales & Services Ltd., under the laws of Dublin, Ireland ("Parkway Sales"). The assets of Bennington were transferred to the Parkway Sales custody account.

"10.    The only purpose of Parkway Sales, a Dublin, Ireland entity, was to invest assets on behalf of the Trust, an off-shore entity. It did no other business.

"11.    Since the establishment of the Bennington account in late 1993, neither I nor my colleague Yasid Cortes, had any contact with plaintiff in Texas. Our records indicate today, as they indicated in 1993, that she resides in Mexico.

"12.    None of the acts about which plaintiff complains occurred in Brownsville, Texas. The investment management account for Bennington was managed in New York. The custody accounts for both Bennington and Parkway Sales were housed in New York and serviced by myself, Mr. Cortes, and other personnel residing in Florida and New York. We did not hold any meetings with plaintiff in Brownsville, Texas nor did we initiate any telephone calls to her in Brownsville, Texas.

"13.    On a personal level, I wish to advise the Court that I am expecting my first

child in February 2000.  As a new mother, it would be extraordinarily difficult if the trial

in this action were held in Brownsville, Texas.


Further, Affiant sayeth not.

_____
            TERESA PRADO PALCZYNSKI


SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned notary public, on this
the ___6___ day of January 2000, to certify which witness may hand and seal of office.

_____
Notary Public in and for
The State of Florida

MARIA del CARMEN BENGOCHEA
COMMISSION # CC 689863
EXPIRES JUL 8, 2001
BONDED THRU
ATLANTIC BONDING CO., INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ROSA ITUARTE DE RUIZ, Individually   *
And as Beneficial Owner of PARKWAY   *
SALES & SERVICES LTD.       *    CIVIL ACTION NO. _____
          *
VS.             *
          *
CHASE MANHATTAN CORPORATION; *
CHASE MANHATTAN PRIVATE BANK; *
YESID CORTES; and THERESA PRADO  *
PALCZYNSKI        *


AFFIDAVIT OF YOLANDA O. CRUZ


STATE OF FLORIDA     )
             ) ss.:
COUNTY OF DADE      )


ON THIS DAY personally appeared before me YOLANDA O. CRUZ, who being

by me duly sworn, deposes and states as follows:

"1.    My name is YOLANDA O. CRUZ, and I am a resident of Florida. I am a

Vice President of the entity that services non-resident, alien private banking clients of

The Chase Manhattan Bank. I am over the age of 21 years, of sound mind, capable of

making this Affidavit and have personal knowledge of the facts contained herein.

"2.    I am assigned to the Global Investment Advisory Group which provides

services to clients who maintain self-directed accounts, that is, clients who select their

own investments.


76507:v01

"3.     Over the past few years, I have, on occasion, executed equity transactions directed by Luis Jose Ruiz Ituarte, plaintiff's son and financial advisor, for accounts owned by an off-shore trust established by plaintiff (the "Trust").

"4.     In August 1997, I was involved in a telephone conference with Mr. Ruiz regarding the proposed restructure of the Grupo Synkro, S.A. bonds in the face amount of $1,350,000 held in one of the accounts owned by the Trust which was in default.  Under the terms of the restructure, bondholders, who so elected, ultimately received new bonds in the face amount of 50% of the original bonds, with a coupon rate of 12% instead of the original rate of 8%.

"5.     Mr. Ruiz, while concerned about sustaining such a large loss in the account of Parkway Sales & Services Ltd., agreed to the restructure.

"6.     To my knowledge, the restructured bonds continue to make timely payments."


Further, Affiant sayeth not.

_____
YOLANDA O. CRUZ


SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned notary public, on this the __5__ day of January 2000, to certify which witness may hand and seal of office.

_____
Notary Public in and for
The State of Florida


MARIA del CARMEN BENGOCHEA
COMMISSION # CC 659563
EXPIRES JUL 8, 2001
BONDED THRU
ATLANTIC BONDING CO., INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA ITUARTE DE RUIZ, Individually | * | |
| And as Beneficial Owner of PARKWAY | * | |
| SALES & SERVICES LTD. | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | |
| | * | |
| CHASE MANHATTAN CORPORATION; | * | |
| CHASE MANHATTAN PRIVATE BANK; | * | |
| YESID CORTES; and THERESA PRADO | * | |
| PALCZYNSKI | * | |

## AFFIDAVIT OF MARGERY SAUERHAFT

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

ON THIS DAY personally appeared before me MARGERY SAUERHAFT, Vice President of The Chase Manhattan Bank, who being by me duly sworn, deposes and states as follows:

"1.     My name is MARGERY SAUERHAFT, and I am a Vice President of The Chase Manhattan Bank, a defendant in the above entitled and numbered cause. I am over the age of 21 years, of sound mind, capable of making this Affidavit, and have personal knowledge of the facts contained herein.

"2.     I am assigned to the Global Investment Advisory Group. This group assists clients who wish to direct investments in their own account by identifying a range of investment strategies and executing transactions selected by the client.

"3.    In August 1997, I had a lengthy conversation with plaintiff's son with respect to the Group Synkro, S.A. bonds.  Grupo Synkro, S.A., a Mexican company, had defaulted on its obligations two years earlier and was in the throes of reorganization.  Mr. Ruiz agreed to accept  the restructuring option which ultimately resulted in an exchange of the defaulted bonds for restructured bonds with a face amount of one-half of the original bonds and a higher coupon rate.

"4.    The new bonds continue to pay interest on a timely basis.


Further, Affiant sayeth not.

_____
MARGERY SAUERHAFT


SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned notary public, on this the _____ day of January 2000, to certify which witness may hand and seal of office.

_____
Notary Public in and for
The State of New York

ANN YOUNG
Notary Public, State of New York
No. 01YO5034350
Qualified in Bronx County
Commission Expires October 11, 2000

76506:v01                                   2