

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 07 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSA ITUARTE DE RUIZ, Individually and as Beneficial Owner of PARKWAY SALES & SERVICES LTD. | * * * * | |
| VS. | * | CIVIL ACTION NO. B-99-193 |
| CHASE MANHATTAN CORPORATION; CHASE MANHATTAN PRIVATE BANK; YESID CORTES; and TERESA PRADO PALCZYNSKI | * * * * * | |

## DEFENDANTS YESID CORTES, AND TERESA PRADO PALCZYNSKI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW YESID CORTES and TERESA PRADO PALCZYNSKI, Defendants in the above entitled and numbered cause, and file this their Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b), and in support thereof would show the Court as follows:

1.  Defendants assert that this Court lacks jurisdiction over the persons of these Defendants pursuant to Fed. R. Civ. P. 12(b)(2). Two requirements must be met in order for the Court to exercise jurisdiction over a nonresident defendant. First, the nonresident defendant must have "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contact' with that forum state." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 315-17 (1945)), *cert denied*, 513 U.S. 930 (1994). Second, the exercise of jurisdiction over the nonresident must not "offend 'traditional notions of fair play and substantial justice.'" *Wilson*, 20 F.3d at 647. The plaintiff bears the burden to prove the presence of jurisdiction by a preponderance of the evidence. *Felch v. Transportes Lar-Mex S.A. de C.V.*, 92 F.3d 320, 326 (5th Cir. 1996); *Travelers Indem.*

*Co. v Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986), *modified on rehearing in unrelated part*, 836 F.2d 850 (5th Cir. 1988).

    2.    The Fifth Circuit has explained the "minimum contacts" inquiry, as follows:

> "The minimum contacts prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction. Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contact with the forum sate are both 'continuous and systematic.'"

*Felch*, 92 F.3d at 324. Again, the Plaintiff has the burden to prove sufficient contacts by the nonresident defendant. *Id.* at 326.

    Defendants would show the Court that they are individuals, residing in the State of Florida. Defendants neither are required to maintain nor maintain a registered agent for service of process in Texas, and were not served with process in this cause of action in the State of Texas.

    Defendants lack sufficient "minimum contacts" with the State of Texas, so that the exercise of personal jurisdiction over them would deprive these Defendants of due process as guaranteed by the Constitution of the United States of America. The assumption of jurisdiction by this Court over Defendants would offend the traditional notions of fair play and substantial justice, depriving Defendants of due process as guaranteed by the Constitution of the United States. For these reasons, Defendants Yesid Cortes and Teresa Prado Palczynski request that this Court would enter an order dismissing this cause against them for want of jurisdiction, and for such other relief as Defendants may show themselves entitled to receive.

    3.    Defendants would further show that the Court does not have specific jurisdiction over these Defendants. Specific jurisdiction arises only if the Plaintiff's

alleged injuries arise out of or are related to defendants' contacts with Texas. *Felch*, 92 F.3d at 324. However, this litigation arises from Plaintiff's alleged investments and business transactions in Florida and Mexico. Plaintiff has alleged no jurisdictional basis in her Petition which would allow this Court to exercise personal jurisdiction over Teresa Prado Palczynski. Further, Plaintiff's only jurisdictional allegation against Yesid Cortes relates to events which occurred prior to 1993 and are not relevant to the specific complaints in this lawsuit. As such, specific jurisdiction is not present because this lawsuit does not arise from or relate to any activities in Texas. *See Arkwright Mut. Ins. Co. v. Transportes de Nuevo Laredo S.A. de C.V.*, 879 F.Supp. 699 (S.D. Tex. 1994) (holding that the Court did not have specific jurisdiction over a Mexican company in a breach of contract case because the contract was performed in Mexico), *cited and discussed with approval in Felch*, 92 F.3d at 325-26.

4. In order to establish general jurisdiction, it must be shown by the plaintiff that the nonresident's contacts with the forum state are both "continuous and systematic." *Felch*, 92 at 326. In this case, however, Defendants clearly have not had "continuous and systematic" contacts with Texas. Defendants Yesid Cortes and Teresa Prado Palczynski are individuals, residing in Florida. Under these facts and the controlling case law, it is clear that general jurisdiction does not exist. *Felch*, 92 F.3d at 326-329; *Wilson*, 20 F.3d at 650-51; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987); *Arkwright*, 879 F.Supp. at 700-01.

5. In the event this motion to dismiss is not granted, Defendants Yesid Cortes and Teresa Prado Palczynski join in the Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) and request the Court to transfer this cause to the Southern District of Florida.

WHEREFORE, PREMISES CONSIDERED, Defendants Yesid Cortes and Teresa Prado Palczynski pray that the Court grant their Motion to Dismiss for Lack of Jurisdiction, and that Defendants be awarded their costs, and have such other and

further relief, general and specific, at law or in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Norton A. Colvin, Jr. *w/ permission MCBatsell*
Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
YESID CORTES AND TERESA PRADO
PALCZYNSKI

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants Yesid Cortes and Teresa Prado Palczynski's Motion to Dismiss for Lack of Jurisdiction was served upon all counsel of record, to-wit:

>Horacio L. Barrera
>Martinez & Barrera
>1201 East Van Buren Street
>Brownsville, Texas 78520
>Attorneys for Plaintiff

>Richard G. Morales, Jr.
>Person, Whitworth, Ramos, Borchers & Morales, L.L.P.
>Post Office Box 6668
>Laredo, Texas 78042-6668
>Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 7th day of January, 2000.

_____
Norton A. Colvin, Jr. *w/ permission*
MCBstall