United States District Court
Southern District of Texas
FILED

JAN 2 8 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROSA ITUARTE DE RUIZ, Individually :
and as Beneficial Owner of PARKWAY :
SALES & SERVICES LTD. :
:
Plaintiff :
: CIVIL ACTION NO. B-99-193
VS. :
:
CHASE MANHATTAN CORPORATION, :
CHASE MANHATTAN PRIVATE BANK, :
YESID CORTES and TERESA PRADO :
PALCZYNSKI: :
Defendants :

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION
TO DISMISS AND TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, Rosa Ituarte de Ruiz, and files this her response to defendants motion to dismiss and to transfer venue and in support thereof would show the court as follows:

I.
Jurisdiction Pursuant to the Securities Acts of 1933 and 1934

At the outset it is important to note that the plaintiff's claims are based upon claims of mismanagement, misrepresentation and fraud in the solicitation and sale of registered and unregistered securities by CHASE and its investment advisors. The plaintiff has therefore made factual allegations and demonstrate that raise violations by the defendants of the Federal Securities Act of 1933, 15 U.S.C. § 77l et seq. and the Federal Securities Act of 1934 15 U.S.C. § 78j et seq. Plaintiff has also filed an amended complaint setting out this claim in more detail. In particular, the

Page 1

plaintiff has alleged misrepresentation by each of the defendants based upon false statements and false financial statements sent to the plaintiff's home in Brownsville and San Antonio, Texas.

Section 78t of the Securities Act of 1934 makes every person who violates a provision of the act jointly and severally liable for those acts. Section 78aa of the Federal Securities act of 1934 establishes venue and jurisdiction in these types of cases. The Securities Act grants broad jurisdiction over individuals in these types of cases, essentially allowing for nation wide service of process. The annotations to section 78aa of the Securities Act of 1934, demonstrates that congress intended that claimants be given a broad choice in choosing where to file these types of suits and in conferring jurisdiction. *Abbey v. Henzel, 731 F. Supp. 1431 (E.D. Mo. 1990)*. The courts have liberally construed this section of the act to allow venue to be maintained in any place where some contact was made or an act occurred. *Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255 (5th Cir. 1994); Sanders v. State Street Bank and Trust Co., 813 F. Supp. 529 (S.D. Tex. 1993)*. In the *Busch* case, which alleged violations of the Securities Act, the only contact the defendant had with Texas was the fact that the plaintiff purchased a security. The defendant's contact with the state came from the fact that it gave an opinion in the prospectus that accompanied the sale of a security.

The entire nature of the plaintiff's complaint is based upon a business and fiduciary relationship that was established between the parties in Brownsville, Texas. The basis of the plaintiff's complaints arise out of representations that were made to her and other members of her family in Brownsville, Texas, San Antonio, Texas and elsewhere. The defendants are not denying these basic facts. The plaintiff also received her account statements in Brownsville, Texas until 1995 and thereafter began to receive them in San Antonio, Texas. The only connection that the plaintiff or this case has with the state of Florida was the fact that the defendants chose to move some of there

Page 2

operations their. Because the plaintiff has made claims under the Securities Acts of 1933 and 1934 their complaints as to jurisdiction and venue are largely irrelevant and not well founded.

II.
Personal Jurisdiction is Proper

With respect to the individual defendant's argument that there is no personal jurisdiction over them the plaintiff would again claim that jurisdiction is proper because jurisdiction is founded on claims made in the improper sale and solicitation of securities. Furthermore, jurisdiction over them is in compliance with constitutional limitations. As a general rule, the exercise of personal jurisdiction over a nonresident defendant comports with principles of due process when two requirements are met. First, the nonresident defendants must have "purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts: with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)*. The plaintiff has plead that this suit is based upon a contractual and special relationship that was established in Brownsville, Texas between the parties and that such a relationship continued until this suit was filed. The defendants have not denied these facts. Therefore, plaintiff contends that the contacts in this case between the parties are specific as to her.

In *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174, 85 L.Ed 2d 528, (1985)*, the supreme court held that jurisdiction attaches to a nonresident defendant, where an injury arises out of or relates to actions by the defendant himself that are purposefully directed toward the forum state when it would not otherwise offend fair play. The defendants were fully aware when the relationship between the parties was established that virtually all activities regarding the plaintiff's

Page 3

...
...

account were going to take place in Texas. Plaintiff's husband maintained a residence in Brownsville, Texas and received his statements there. Chase and the defendant Cortez maintained there offices in Houston, Texas to do business with the plaintiff and his family and did so over many years. While the plaintiff had no control over the defendants decision to relocate their operations to Miami, Florida, they continued to solicit the plaintiff's business in Texas and elsewhere. Statements were sent to San Antonio, Texas after the plaintiff moved her residence there. The dealings continued a before although the plaintiffs were unable to visit the defendants in Houston, Texas.

      There can be little doubt that all of the defendants have continued to do business in the state of Texas on a continuous and systematic basis, certainly with the plaintiff and in all probability with others. The fact that CHASE moved a portion of its operations to Florida and also transferred the defendant CORTES does not deprive Texas of jurisdiction. The defendants purposefully availed themselves of the benefits of this state by establishing the business relationship with the plaintiff and continued to do business with her in this state up until she moved her account in December 1998. The affidavit attached as Exhibit A by Luis Jose Ruiz Ituarte, shows that the defendant Chase and its representatives made contact with him and his family in Brownsville, Texas and Mexico for the purpose of selling his mother securities on a frequent basis. This contact continued until he mother sold her home here and bought one in San Antonio, Texas. The defendants would then contact him and his mother in San Antonio, Texas and in Mexico from that point forward. That affidavit also shows that all statements from the defendants were sent to Brownsville, Texas and then San Antonio, Texas. It also demonstrates that some of the mismanagement of the account that they complain of was with respect to securities that were solicited in Brownsville, Texas. In *Ramm v.*

*Rowland, 658 F. Supp. 705 (S.D. Tex. 1987)* the defendant was a stockbroker who used his position to solicit the plaintiff's wife to engage in an affair with him out of state by using the pretext of selling her stock.. The defendant claimed that he never entered the state to do business or otherwise. However, because his conduct was directed at someone in the state the contact was sufficient. The defendants have on numerous occasions directed their actions toward the plaintiff in Texas and therefore should not be heard to complain about being sued in the very place that the established their business relationship with the plaintiff.

### III.
### Cases cited by Defendants are not in point

*Wilson v. Belin, 20 F.3d 644 (5th Cir. 1994)*. Defendants cite this case as authority to support their motion to dismiss the individual defendants. The case is not in point and is factually distinguishable. The case was a slander case based upon one phone call made to the defendant in their states of residence. The call was made from Texas by a third party. There was also no evidence that either defendant did business in the state of Texas. The defendant Yesid Cortez lived in Texas when the contractual relationship between the plaintiff and the defendants commenced. The contracts and agreements between the parties were performable in Texas. The defendants unilaterally transferred the operations aspect of their business from Houston, Texas to Florida, but continued to do business in the state of Texas. The plaintiff received phone calls at her residence in San Antonio, Texas and received all of her business statements from the defendants in Brownsville and San Antonio, Texas.

*Flech v. Transportes Lar-Mex, S.A. de C.V., 92 F.3d 320 (5th Cir. 1996)*. This case is also distinguishable. It was based upon a traffic accident that occurred in Mexico between the plaintiff

Page 5

and defendant. None of the facts that gave rise to the litigation occurred in Texas. However, the opposite is true in the plaintiff's case. The relationship between the parties commenced in Texas. The defendants contacted the plaintiff's husband in Brownsville, Texas. After Mr. Ruiz' death those same defendants then solicited the plaintiff and her son in San Antonio to make recommendations and send information on their investments. That is the very nature of the brokerage business.

*Travelers Indemnity Company v. Calvert Fire Insurance Company, 798 F.2d 826 (5th Cir. 1986).* This case cited by the defendants arose as a result of a collision between two ships off the coast of Panama. There was no question that any jurisdiction over the defendant "London Club" was based upon general jurisdiction and not specific jurisdiction. There is really no similarity between this case and the present case before the court.

*Arkwright Mutual Insurance Company v. Transportes de Nuevo Laredo S.A. de C.V., 879 F. Supp. 699 (S.D. Tex. 1994).* In this case a Mexican trucking firm was sued for damages to cargo that supposedly occurred in Mexico, while being transported by the defendant. The defendant had never done business in the state of Texas, did not do any activities in the state of Texas in this transaction and had no systematic contacts with the state of Texas. In that case there was no ongoing relationship between the parties and no evidence that the defendant was doing business in Texas, unlike the situation between Mrs. Ruiz and the defendants.

*Bearry v. Beech Aircraft Corp., 818 F.2d 370 (5th Cir. 1987).* This case was a products liability suit arising out of a plane crash in the state of Mississippi. The plaintiffs were nonresidents as was the defendant. The sole basis for jurisdiction against the defendant was that its products generally were sold in the state of Texas. However, the plane that was the subject of the suit has no

Page 6

relationship with Texas. The court found that the interest of Texas and the plaintiffs to litigate the case in Texas were so slight that it would be unfair and unreasonable to do so. That is not the case here.

IV.

There can be little doubt that the defendants had fair warning that Texas could exercise jurisdiction over their activities in as much as they started here. The defendants' argument that they no longer live in the state and that any breach occurred after they left is of little consequence. The agreement that was breached was the original dealings and relationship between the parties which was formed in Texas. The fact that the defendants lived outside the state when some of the actions complained of by the plaintiff does not change the fact that those actions were directed towards her in Texas. As financial advisors virtually all of their contacts are done over the phone with persons located outside the state of their current residence. Therefore when a defendant has deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of that forum, he has availed himself of the privilege of conducting business therefore it is not unreasonable to subject that person to the jurisdiction of that forum. *Burger King at 476, Interfirst Bank Clifton v. Fernandez, 844 F.2d 279 (5th Cir. 1988)*. In the area of securities sales the conduct of the defendants can be minimal and the act of mailing statements to Texas residents would be sufficient. *Sanders v. State Street Bank and Trust Co., Id.* Likewise, if jurisdiction is proper venue is proper also. *State Street Capital Corp. v. Dente 855 F. Supp. 192 (S.D. Tex. 1994)*. The moving party has the burden of demonstrating that a change is warranted. *Time, Inc. v. Manning 366 F.2d 690 (5th Cir. 1966)*. Furthermore, the plaintiff contends that venue is proper pursuant to 15 U.S.C. §78aa and therefore transfer should not be permitted. None of the cases cited by the

Page 7

defendants relate to securities cases.

WHEREFORE, plaintiff prays that the court deny the defendants motion to dismiss and also deny the defendants motion to transfer venue.

Respectfully submitted,

/s/ Horacio L. Barrera
Horacio L. Barrera
I.D. Bar# 2801
S.B.O.T. 01805800
1201 E. Van Buren Street
Brownsville, Texas 78520
Tel:(956) 546-7159
Fax: (956) 544-0601


/s/ Richard G. Morales, Jr.
Richard G. Morales, Jr.
PERSON, WHITWORTH, RAMOS, BORCHERS & MORALES, L.L.P.
S.B.O.T. # 14419000
P.O. Box 6668, 602 E. Colton
Laredo, Texas 78042-6668
Tel: (956)727-4441
Fax: (956)727-2696

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Response To Defendants Motion To Dismiss And To Transfer Venue was served upon all counsel of record to-wit:

Mr Norton A. Colvin, Jr.
Rodriguez, Colvin & Chaney
1201 E. Van Buren Street
Brownsville, Texas 78520

by via hand delivery, pursuant to the Federal Rules of Civil Procedure, on this the 28th day of January, 2000.

_____
Horacio L. Barrera

_____
Mr. Richard G. Morales, Jr.